IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| LAMBROS J. KUTRUBIS, | ) | No. 12 cv 4042 |
| | ) | |
| Debtor. | ) | Judge Sharon Johnson Coleman |
| | ) | |
| LAMBROS J. KUTRUBIS, | ) | |
| | ) | Appeal from: |
| Appellant, | ) | |
| | ) | Adv. Case No. 11 A 1879 |
| v. | ) | |
| | ) | |
| GLORIA BOWMAN, | ) | |
| | ) | |
| Appellee. | ) | |

## Memorandum Opinion and Order

On March 7, 2012, the United States Bankruptcy Court for the Northern District of Illinois entered a default judgment order denying the debtor, Lambros J. Kutrubis, discharge pursuant to 11 U.S.C. § 727(a)(6)(A) of the creditor Gloria Bowman's unsecured claim of $2,500. On April 3, 2012, the bankruptcy court denied Kutrubis' motion for relief from the March 7, 2012, default judgment. Kutrubis argues on appeal that the judgment of the bankruptcy court is void because the court lacked *in personam* jurisdiction. For the reasons stated herein, the decision of the bankruptcy court is affirmed.

**Background**

Kutrubis, a retired Cook County Circuit Court judge, filed a voluntary petition for relief under Chapter 11 of Title 11 of the Unites States Code, 11 U.S.C. § 101, on January 12, 2010. Kutrubis listed total assets worth $2,082,856.56 and total liabilities of $2,494,348.45. Gloria Bowman, Kutrubis' ex-wife's daughter, is identified in Kutrubis' Schedule F as an unsecured

creditor in the amount of $11,500.00. On June 8, 2010, Bowman filed a proof of claim against Kutrubis' bankruptcy estate for unsecured claim of $11,500 and a secured claim in the amount of $1,000,000 based on profits of a business venture that was marital property between Kutrubis and Bowman's mother. On December 3, 2010, Kutrubis filed an objection to the Bowman claim on the basis that it was overstated and unsubstantiated. On January 25, 2011, the bankruptcy court disallowed Bowman's secured claim entirely, but allowed her an unsecured claim of $2,500. Thereafter, the case was converted from Chapter 11 to Chapter 7 of the Bankruptcy Code.

On May 23, 2011, Bowman filed a "Routine Motion for Order Compelling Production of Documents and Examination Pursuant to Rule 2004 and Rule 30(b)(6) of the Federal Rules of Civil Procedure." On June 29, 2011, the bankruptcy court ordered Kutrubis to "turnover all documents relating to the 231-233 S. Halsted property in his possession or control from 1994 to the present." The remainder of the motion was entered and continued until December 27, 2011, when it was denied. Bowman did not take action to enforce the turnover order.

On September 12, 2011, Bowman filed a pro se adversary complaint objecting to the discharge pursuant to 11 U.S.C. § 727(a) and 11 U.S.C. §523(a). Summons issued in connection with the Adversary Complaint, requiring Kutrubis to answer within 30 days. Bowman filed a Proof of Service Summons Executed on September 20, 2011. She then filed an Amended Adversary Complaint on October 3, 2011, pursuant to Bankruptcy Rule 7015(a)(1)(A). Kutrubis claims that Bowman never served the Amended Adversary Complaint. The bankruptcy court reset the initial October status to December 27, 2011, at which time Bowman requested leave to file a Second Amended Adversary Complaint. The court allowed Bowman to file her Second Amended Adversary Complaint, which she did on January 11, 2012. Bowman's Second

Amended Adversary Complaint added a second count seeking denial of Kutrubis' discharge pursuant to 11 U.S.C. § 727(a)(6)(A) based on Kutrubis' alleged failure to comply with the June 29, 2011, Order to turnover documents. At the status hearing on December 27, 2011, the court gave Kutrubis until February 10, 2012, to file a responsive pleading.

Kutrubis contends that he never received service of summons and the Second Amended Adversary Complaint. Bowman asserts that she sent Kutrubis the complaint by First Class Certified U.S. Mail on January 11, 2012. A document titled "Certificate of Service" was filed on February 14, 2012, which is linked to the original summons. Kutrubis did not file an appearance or any responsive pleading. On February 28, 2012, Bowman filed a motion for default judgment, which the bankruptcy court granted on March 7, 2012, denying Kutrubis' discharge under 11 U.S.C. § 727(a)(6)(A) for failing to comply with the court's orders. On March 21, 2012, Kutrubis filed a motion to vacate the judgment pursuant to Federal Rules of Bankruptcy Procedure 9023 and 9024, which incorporate Rules 59(e) and 60(b)(1) of the Federal Rules of Civil Procedure. The court denied the motion. Kutrubis now appeals from the default judgment and the denial of his motion to vacate the default judgment.

**Standard of Review**

The district court has jurisdiction over appeals from final orders of the bankruptcy court pursuant to 28 U.S.C. §158(a)(1). A bankruptcy court's legal conclusions and mixed questions of law and fact are reviewed de novo. *Mungo v. Taylor*, 355 F.3d 969, 974 (7th Cir. 2004). Factual findings are reviewed for clear error. Fed. R. Bankr. P. 8013. The clear error standard applies to the review of the bankruptcy court's dischargeability determination. *See In re Bonnett*, 895 F.2d 1155, 1157 (7th Cir. 1989). This court will not reverse the bankruptcy court's determinations as long as they are "plausible" based on the record, even if this court would have decided

differently. *Freeland v. Enodis Corp.*, 540 F.3d 721, 729 (7th Cir. 2008). The appellant, Kutrubis, bears the burden of showing clear error. *See Hower v. Molding Sys. Eng'g Corp.*, 445 F.3d 935, 939 (7th Cir. 2006).

**Discussion**

Kutrubis argues that the bankruptcy court erred in entering the default judgment against him and denying his discharge pursuant to 11 U.S.C. § 727(a)(6)(A) because Bowman did not properly serve the Second Amended Adversary Complaint and therefore the bankruptcy court lacked personal jurisdiction over the Kutrubis in the adversary proceeding. Kutrubis also argues that the bankruptcy court erred in denying his discharge under U.S.C. § 727(a)(6)(A) "on account of his disobedience of court orders that were entered in this case" because the court neither identified the specific orders that Kutrubis violated nor found that Kutrubis willfully refused to comply. Lastly, Kutrubis argues that the bankruptcy court abused its discretion when it denied his motion to vacate the default judgment because it did not consider all the requisite elements for denying a motion to vacate pursuant to Rule 59(e) or Rule 60(b)(1).

*1. Personal Jurisdiction*

Valid service of process is necessary for the court to exercise personal jurisdiction over a defendant. *United States v. Ligas,* 549 F.3d 497, 500 (7th Cir. 2008). A judgment is void where the requirements of service of process are not satisfied. *In re Cappuccilli,* 193 B.R. 483, 488 (Bankr. N.D.Ill. 1996). Bankruptcy Rule 7004 governs the requirements for service of process and incorporates parts of Federal Rule of Civil Procedure 4, but Bankruptcy Rule 7004(b)(9) allows service on a debtor by first class mail. Bankruptcy Rule 7004(b)(9). Proof of actual receipt of the summons and complaint is not required, only that the summons and complaint were mailed to both the debtor and the debtor's attorney. *In re Vincze,* 230 F.3d 297, 299 (7th

4

Cir. 2000). Service is sufficient as long as the summons and complaint are sent to debtor's last address provided by the debtor. *Id.*

Bankruptcy Rules 7004 and 7005 incorporate Fed. R. Civ. P. 4(c)(1) and Fed. R. Civ. P. 5(a)(2). Rule 5(a)(2) mandates that where a party is in default for failing to appear, a pleading that asserts a new claim for relief against such a party must be served on that party in accordance with Rule 4. Rule 4(c)(1) requires service of a summons with a copy of the complaint. When a new or additional claim for relief is asserted against the same defendant, then a new summons must be served with the amended complaint. Fed. R. Civ. P. 5(a)(2); *See, e.g. Blair v. City of Worcester*, 522 F.3d 105, 109 (1st Cir. 2008).

Here, Kutrubis does not expressly deny receiving a copy of the Second Amended Adversary Complaint. Kutrubis asserts that he was a party in default under Rule 5(a)(2) at the time that Bowman sought to file the Second Amended Complaint because he had not filed an appearance or any responsive pleading. Kutrubis further asserts that the Second Amended Complaint alleged a new claim against him and therefore Bowman was required to execute at new summons. Bowman asserts that she mailed him a copy of the complaint and filed with the court a Certificate of Service on February 14, 2012. However, she did not execute a new summons.

The Second Amended Complaint added Count II, seeking to bar Kutrubis' discharge based on his failure to comply with the bankruptcy court's June 29, 2011, Order directing him to turnover documents. Count II constitutes a new claim based on a different factual predicate and different claim for relief than was previously alleged. Thus, Bowman failed to properly serve Kutrubis pursuant to Rule 5(a)(2). The bankruptcy court accordingly lacked personal jurisdiction over Kutrubis unless he waived his objection to personal jurisdiction. *See Insurance Corp. of*

*Ireland, Ltd. v. Compagnie des Bauxites de Guinee,* 456 U.S. 694, 704 102 S.Ct. 2099, 2105, 72 L.Ed.2d 492 (1982).

However, personal jurisdiction, unlike subject matter jurisdiction, is a "legal right protecting the individual" and can be waived by the defendant. *Id.* A party must include the defense of lack of personal jurisdiction or insufficient service of process in its first responsive pleading. Fed. R. Civ. P. 12(h)(1). Otherwise, the defendant waives the defense. *Id.* "[O]nce the defendant has waived objections based on insufficiency of process and submitted generally to the jurisdiction of the court, the court is powerless to dismiss the suit for lack of personal jurisdiction." *O'Brien v. R.J. O'Brien & Assocs., Inc.,* 998 F.2d 1394, 1399 (7th Cir. 1993).

Kutrubis raises the defenses of insufficiency of service of process and lack of personal jurisdiction for the first time in this appeal. His Motion to Vacate the default judgment pursuant to Rules 59(e) and 60(b)(1) did not include the defenses of insufficiency of process or lack of personal jurisdiction. Indeed, Kutribis acknowledged Bowman's Second Amended Adversary Complaint and the allegations therein, yet chose to challenge the default on the basis that his failure to answer was excusable neglect and that the bankruptcy court committed a manifest error of law by finding his debt not dischargeable for non-compliance with the turnover order. While improper service generally destroys a court's personal jurisdiction, Kutrubis waived any challenge to personal jurisdiction by failing to raise the issue in his motion to vacate. *See Mid-Continent Wood Products, Inc. v. Harris,* 936 F.2d 297, 301 (7th Cir. 1991). Therefore, this Court concludes that the default judgment entered by the bankruptcy court is not void for lack of personal jurisdiction.

2. *Section 727(a)(6)(A)*

Kutrubis also argues that the bankruptcy court erred in denying his discharge under 11

U.S.C. § 727(a)(6)(A) because the court did not specify which specific orders Kutrubis disobeyed and the facts do not support the conclusion that Kutrubis was willfully non-compliant with the court's orders. Section 727(a)(6)(A) states that a court shall grant a debtor discharge unless the debtor "has refused, in the case, to obey any lawful order of the court, other than to respond to a material question or to testify." 11 U.S.C. § 727(a)(6)(A). The court must find the debtor's non-compliance willful in order to deny discharge under section 727(a)(6)(A). *In re Jordan*, 521 F.3d 430, 433 (4th Cir. 2008). To establish willfulness, the party objecting to discharge must demonstrate that "the debtor received the order in question and failed to comply with its terms." *Id.* The debtor must then explain his non-compliance. *Id.*

Although the bankruptcy court did not specifically identify an order which Kutrubis had willfully disobeyed, the Second Amended Adversary Complaint identified the court's June 29, 2011, order to turnover documents as the basis for non-dischargeability. Bowman's motion for default judgment also refers to Kutrubis' failure to file an answer or otherwise appear in the case on the dates ordered by the bankruptcy court. The court gave Kutrubis until February 10, 2012, to answer or otherwise plead to the Second Amended Adversary Complaint and set a status hearing for February 14, 2012. Kutrubis did not file an answer or responsive pleading to any of Bowman's adversary complaints and did not appear in court for the status hearing on February 14, 2012. Kutrubis also did not appear at the hearing on Bowman's motion for default judgment on March 7, 2012, and explain either his reasons for non-compliance or demonstrate that he had complied with the June 29, 2011, Order.

The Seventh Circuit Court of Appeals instructs that the party seeking to demonstrate that a lower court's findings of fact were clearly erroneous has a heavy burden to bear. *IPEC, Inc. v. International Litho. Corp.*, 869 F.2d 1080, 1083 (7th Cir. 1989). The "clearly erroneous"

7

standard means that the reviewing court must be left "with the definite and firm conviction that a mistake has been made." *Graefenhain v. Pabst Brewing Co.*, 870 F.2d 1198, 1201 (7th Cir. 1989) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)). In his motion to vacate the default judgment, Kutrubis acknowledged that he did not answer any of the complaints filed in the adversary proceeding. On the record at the hearing on the motion for default judgment, the bankruptcy court considered Kutrubis' continued failure to appear and answer the allegations in the adversary complaint as indications of willful non-compliance. Moreover, Kutrubis admits that he never produced the documents to Bowman on the date specified in the June 29, 2011, Order. Instead, Kutrubis argued in his motion to vacate that he had turned over the documents to his former counsel, who delivered them to counsel for the trustee of the bankruptcy estate. There is no evidence in the record to suggest that Kutrubis did in fact comply with the bankruptcy court's order to produce all the documents in his possession relating to the South Halsted property. Therefore, Kutrubis fails to meet his burden and this Court is not left with the firm conviction that a mistake has been made.

*3. Motion to Vacate*

Kutrubis also argues that the bankruptcy court abused its discretion when it denied his motion to vacate the default judgment. Kutrubis argues that the bankruptcy court did not apply the proper standard for denying his motion to vacate under either Bankruptcy Rule 9023, which incorporates Federal Rule of Civil Procedure 59(e), and alternatively, under Bankruptcy Rule 9024, which incorporates Federal Rule of Civil Procedure 60(b)(1). This Court disagrees.

"A party appealing under [the abuse of discretion standard] bears a heavy burden, for 'a decision constitutes an abuse of discretion when it is not just clearly incorrect, but down-right unreasonable.'" *Zhou v. Guardian Life Ins. Co. of Am.*, 295 F.3d 677, 679 (7th Cir.

2002)(quoting *Cincinnati Ins. Co. v. Flanders Elec. Motor Svc.*, 131 F.3d 625, 628 (7th Cir. 1997)). A court will not "second-guess the decision of a trial judge that is in conformity with established legal principles and, in terms of its application of those principles to the facts of the case, is within the range of options from which one would expect a reasonable trial judge to select." *Liu v. Price Waterhouse LLP*, 302 F.3d 749, 754 (7th Cir. 2002)(quoting *Am. Nat'l Bank & Trust v. Reg'l Transp. Auth.*, 125 F.3d 420 (7th Cir. 2002)).

On April 3, 2012, the bankruptcy court found that Kutrubis had been served with the adversary complaint and had failed to appear before the court on multiple occasions and respond to the complaint. The court further noted that Kutrubis' only proffered reason for his failure to comply with the requirements of bankruptcy procedure was that he needed to care for his elderly mother; a fact, which did not preclude him from finding legal representation or a care-giver for his mother during brief court appearances.

Relief under Rule 59(e) is warranted where "there has been a mistake of law or fact or new evidence has been discovered that is material and could not have been discovered previously." *Figgie Int'l v. Miller*, 966 F.2d 1178, 1180 (7th Cir. 1992). There is nothing in the record to indicate that the bankruptcy court abused its discretion by denying Kutrubis' Rule 59(e) motion, finding that Kutrubis had failed to comply with the court's orders in the adversary proceeding. He argued in his motion that he turned over the documents to his then-counsel, who subsequently turned them over to the bankruptcy trustee. However, he did not furnish the bankruptcy court with any support for this contention or provide further factual enhancement such as when he delivered the documents.

Under Rule 60(b)(1), a court may provide relief from judgment for "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). Kutrubis argues that the

2002)(quoting *Cincinnati Ins. Co. v. Flanders Elec. Motor Svc.*, 131 F.3d 625, 628 (7th Cir. 1997)). A court will not "second-guess the decision of a trial judge that is in conformity with established legal principles and, in terms of its application of those principles to the facts of the case, is within the range of options from which one would expect a reasonable trial judge to select." *Liu v. Price Waterhouse LLP*, 302 F.3d 749, 754 (7th Cir. 2002)(quoting *Am. Nat'l Bank & Trust v. Reg'l Transp. Auth.*, 125 F.3d 420 (7th Cir. 2002)).

On April 3, 2012, the bankruptcy court found that Kutrubis had been served with the adversary complaint and had failed to appear before the court on multiple occasions and respond to the complaint. The court further noted that Kutrubis' only proffered reason for his failure to comply with the requirements of bankruptcy procedure was that he needed to care for his elderly mother; a fact, which did not preclude him from finding legal representation or a care-giver for his mother during brief court appearances.

Relief under Rule 59(e) is warranted where "there has been a mistake of law or fact or new evidence has been discovered that is material and could not have been discovered previously." *Figgie Int'l v. Miller*, 966 F.2d 1178, 1180 (7th Cir. 1992). There is nothing in the record to indicate that the bankruptcy court abused its discretion by denying Kutrubis' Rule 59(e) motion, finding that Kutrubis had failed to comply with the court's orders in the adversary proceeding. He argued in his motion that he turned over the documents to his then-counsel, who subsequently turned them over to the bankruptcy trustee. However, he did not furnish the bankruptcy court with any support for this contention or provide further factual enhancement such as when he delivered the documents.

Under Rule 60(b)(1), a court may provide relief from judgment for "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). Kutrubis argues that the

bankruptcy court abused its discretion by denying his Rule 60(b)(1) motion because his failure to appear and respond in the adversary proceeding was excusable neglect and the court did not apply the proper standard. Kutrubis argued in his Rule 60(b)(1) motion that he could not appear or respond to the adversary complaint because he had to care for his elderly mother, who was suffering from a health crisis in January 2012. Kutrubis asserts that this fact shows that he moved with reasonable promptness after the default judgment (within fourteen days), alleged a meritorious defense (excusable neglect), and did not willfully default.

"The standard for reviewing whether neglect is 'excusable' is an equitable one, taking into consideration relevant circumstances, including (1) the danger of prejudice to the non-moving party; (2) the length of the delay and its impact on judicial proceedings; (3) the reason for the delay (i.e., whether it was within the reasonable control of the movant); and (4) whether the movant acted in good faith." *Sherman v. Quinn*, 668 F.3d 421, 425-426 (7th Cir. 2012) (citing *Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship.*, 507 U.S. 380, 395, 113 S. Ct. 1489, 123 L. Ed. 2d 74 (1993); *Marquez v. Mineta*, 424 F.3d 539, 541 (7th Cir. 2005)).

Here, the bankruptcy court expressly noted that the adversary proceedings had begun in 2011, nearly a year prior to the entry of the default judgment. The court also enumerated that each of the occasions on which Kutrubis had failed to appear in court and that caring for an elderly parent would not have precluded Kutrubis from finding legal representation or a care-giver for the few hours required to make a court appearance. Further, in refusing to find excusable neglect, the court cited Kutrubis' prior service as a circuit court judge as indication that Kutrubis was well-aware of the consequences of failing to respond to a complaint.

Therefore, this Court concludes that the bankruptcy court did not abuse its discretion by declining to grant Kutrubis relief from default judgment based on his proffered claim of "excusable neglect."

**Conclusion**

For the reasons stated herein, this Court affirms the decision of the bankruptcy court.

Affirmed.

Date: February 14, 2013

Entered: _____
Sharon Johnson Coleman